Henry L.. Moss, Appellant, *vs.* Moses Pettingill et al., Respondents.

Where a party recovers a judgment against several Defendants, parties to a promissory note, and levies upon property of one of the parties primarily liable, sufficient to satisfy the judgment, and then releases the levy without the consent of those Defendants whose liability is only secondary, it will operate as a satisfaction of the judgment as against them.

The rights and relations of an accommodation endorser on a note, are not changed by the recovery of a judgment thereon.

When the answer fully denies and puts in issue the equities of the bill, the injunction will be dissolved. This is the general rule. But new matter in an answer which amounts to a defence, is not equivalent to a denial of a bill for an injunction, and the writ will not be dissolved upon such an answer, but will be continued in force until a hearing, provided the new matter pleaded in the answer is put in issue by reply. But if the allegations of the answer be admitted in the reply, or if no reply be served, the injunction would fall.

An execution was levied upon partnership property, and the Plaintiff, finding that the extent of the firm liabilities was so great as to preclude the possibility of anything remaining after a sale to apply on his execution, abandoned the levy. *Held*—that he might adopt this course, but that in doing so he took upon himself the responsibility of establishing the facts of the insufficiency of the property, if any surety, or party standing in that relation, should question the propriety of the release.

This was an appeal from an order of the District Court of Ramsey County, dissolving a, writ of injunction. The facts of the case are stated in the opinion of the Court.

[The points and authorities of the Counsel for Appellant are not on file.]

The following are the points and authorities relied on by Counsel for the Respondents:

*First.*—The injunction was properly dissolved because it was not in the form prescribed by law, and was invalid as a writ for that reason and irregular.

1.   It was not directed to any officer.

2.   It was not returnable on the first day of the term succeeding its date, or on any day of any term as required by *Section 27 of page 6 of Amendments to the Revised Statutes of 1851.*

*Second.*—All the equities of the complaint are denied or avoided by new matter pleaded by the Defendants in their answer responsive to the complaint; the injunction was properly dissolved on this ground, as the answer must be taken to be true. *Sebian vs. Tiltan*, 1 *Bland* 355 ; *McFarland vs. McDowell*, 1 *Coe. Law Rep.* 110 ; *Waterman's Eden on Injunc-*

*tions*, Vol. 1, *p.* 134, *and* Vol. 2, *p.* 138-4-5; *Woodcock vs. Bennett*, 1 *Cow.* 711, *p.* 744.

*Third.*—A reply to the answer cannot change the result. The only office of a reply under our practice is to put all matters in issue between the parties, and where the pleadings form a full issue, the injunction shall be dissolved. *See authorities above cited; Hallimel vs. Kingsley,* 2 *Code Rep.* 101; *Millikin vs. Carey,* 3 *Code Rep.* 250; *Waterman's Eden on Injunctions,* 116 Vol. 1.

*Fourth.*—The injunction was granted without any affidavit of the Plaintiff or any party being made or filed. The injunction was properly dissolved on this ground. *Laws of* 1853, *p.* 20, *Sec.* 3 *and* 4; *Waterman's Eden on Injunctions, p.* 115-1 *and p.* 116, Vol. 1.

*Fifth.*—It appears from the pleadings of the Plaintiff that he has no equities in the case. A Sheriff cannot, except by the receipt of cash or a levy upon property sufficient to satisfy the execution, discharge the judgment debtor from liability. *Collier vs. Bank of N———,* 2 *Dev. Ch.* 525; *U. S. Digest, p.* 470, *Sec.* 246.

A levy upon an individual partner's interest in the partnership property, being uncertain in amount and intangible, will not satisfy a judgment as to any of the judgment debtors unless it appears that the judgment creditor had knowledge that the interest levied upon was sufficient to satisfy the judgment in whole or part. And where it appears that the judgment creditor acted in good faith and made dilligent inquiry for information as to what the value of the interest of the individual partner was, and from such information concluded that it was of no value, and released the levy on that ground, the levy will not satisfy the judgment or impair it.

*Sixth.*—No levy was made upon any personal property of N. Myrick in this case. *See answer and reply.*

Smith & Gilman, Counsel for Appellant.

Sanborn, French & Lund, Counsel for Respondents.

*By the Court*—FLANDRAU, J.   Where a party recovers a judgment against several Defendants, parties to a promissory note, and levies upon property of one of the parties primarily liable sufficient to satisfy the judgment, and then releases the levy without the consent of those Defendants whose liability is only secondary, it will operate as a satisfaction of the judgment as against them.   It is the same principle which we decided in the case of *Willis vs. Davis*, argued at the July term of this Court in 1859.   There the creditor had come into the possession or control of property sufficient to satisfy his demand by assignment to a trustee for his benefit, and he consented to a reassignment to the debtor, and we held that it operated to discharge the parties standing in the relation of sureties.   A levy of an execution upon property puts the creditor in possession of the means to satisfy his demand, and it is his duty to use all diligence to see that it be made available to that end.   If he voluntarily relinquishes his levy, and consequently his control over the property, the sureties, or parties who would have been benefitted by an execution of the levy, shall not be prejudiced by his act, but the result shall be the same to them as if he had done his duty toward them.   11 *Wend.* 125 ; 12 *John.* 207 ; 7 *John.* 428 ; 6 *Wend.* 562 ; *Exparte Lawrence*, 4 *Cow.* 417 ; 7 *Cow.* 13 ; *Ib.* 310. The English decisions are to the same import.

The complaint contains facts enough to discharge the Plaintiff, Moss, from liability on the judgment, as he occupied the position of an accommodation endorser upon the note upon which the judgment was recovered, and his relation and rights are not changed by the recovery of judgment.   2 *American Leading Cases*, 319 *and the cases there cited.*   It alleges fully that the property levied upon was sufficient to satisfy and pay the execution, and was of the value of seventeen thousand five hundred dollars, and that the levy was relinquished by order of the Plaintiff's Attorneys.   The injunction was properly issued upon these facts appearing to the satisfaction of the Court.

The equities of the Plaintiff's case consist of the facts that the Defendant, Pettingill, had possessed himself of the means

of satisfying his judgment, and had relinquished this advantage to the detriment of the Plaintiff. Now what does the answer set up in opposition to this state of facts? It admits that the execution was levied as stated in the complaint, but avers that the property was owned jointly by the Defendant, Myrick, and another, as partners. That it would not have realized at public sale more than three thousand dollars, and that the liabilities of the partnership were upwards of twenty thousand dollars. The legal consequence of these allegations is, that the property so levied upon, being first applicable to the satisfaction of the partnership debts, it would have left nothing to apply on the Defendant, Pettingill's execution, and the levy would have proved of no avail, and this we think is a defence to the action; but the question is not upon the sufficiency of the answer *as a defence*, but upon its sufficiency as neutralizing the complaint, and authorizing the dissolution of the injunction which was issued upon it.

The general rule is, that when the answer fully denies and puts in issue the equities of the bill, the injunction will be dissolved. When the Plaintiff swears to his bill, he acquires a preliminary advantage over the Defendant by his right to an injunction, but when the Defendant has denied upon his oath the facts which were proven by the bill, he restores the equilibrium which previously existed between the parties, and cancels the temporary rights the Plaintiff has obtained. This rule is just in principle, as why should the Defendant be restrained when he has destroyed the effect of the Plaintiff's charges against him by their negation.

It is upon this principle that the Court below dissolved the injunction in this case. The Judge has assumed that matter in an answer which amounts to a defence, is equivalent to a denial of the bill, and relieves the Defendant from the disabilities imposed upon him by the injunction. This however is an error. Where the defence is by new matter set up in the answer, it will be seen that it leaves the principal facts of the bill admitted, and presents a new issue on the part of Defendant, the affirmative of which he assumes; by this condition of the pleadings, the original advantage which accrued

to the Plaintiff is not assailed nor shaken, but admitted, and sought to be counteracted by the establishment of a distinct and substantive position, aimed at the consequence of the Plaintiff's facts, but not their existence. If the Defendant fails to make good by proof what he sets out in his answer, the injunction will be made perpetual upon the admitted facts in the bill. In such cases the injunction will be continued until the hearing. *Minturn vs. Seymour*, 4 *John. Ch. R.* 497; *Allen vs. Crobroft, Barnardist Ch. R.* 373–4.

The pleadings in this case stand thus: the complaint affirms that the Defendant levied his execution upon the property of Nathan Myrick, of sufficient value to pay the debt. The answer admits that the levy was made upon the identical property mentioned in the complaint, and avers that it was partnership property against which were debts of the partners more than sufficient to absorb it all. This evidently gives the affirmative to the Defendant. The denial that the property was the property of Nathan Myrick, taken with the other allegations of the answer, does not change this result.

In the ordinary case of an answer which puts in issue the equities of the bill, the coming in of the reply does not affect the question of the dissolution of the injunction which de-pends upon the bill and answer alone, but where the defence is by way of new matter, as in this case, the reply is of vital importance, as it determines whether the Plaintiff will admit or deny the new matter. Should he admit it directly by the reply, or by an omission to reply, of course the bill and its incident, the injunction, would fall; but on the other hand should it be denied, the injunction will be allowed to stand until the hearing. The Court should not entertain a motion to dissolve an injunction upon an answer of this character until after the time to reply had expired, or at least should only entertain it to deny it. Under this view of the case, it becomes unnecessary to comment upon the irregularities complained of by the Appellant concerning the manner in which the motion was brought on to a hearing. Suffice it to say that we are fully satisfied that the Counsel for the Defendant who made the motion, and the Court that decided it acted in

perfect good faith, being ignorant of the fact that a reply had been served in the case.

It is urged that the Defendant, Pettingill, had no right to relinquish his levy, but was obliged to pursue it to a legal and actual demonstration that the property levied upon would all be consumed by the partnership liabilities. We think however that when he had made his levy, and discovered that the extent of firm liabilities was so great as to preclude the possibility of anything remaining to apply on his execution, he adopted the best course in abandoning it, taking upon himself the responsibility of establishing the facts, if any surety, or party standing in that relation to his debt, should question the propriety of the release. It would be a very unwise doctrine that would compel him to prove the insolvency of the partnership by clinging to a levy which the affairs of the concern made it evident was hopeless and unavailing. The better plan is to abandon the levy and stand ready to justify the propriety and good faith of the act against parties claiming to be prejudiced. This is now the Defendant's position in the action. If he substantiates it by proof on the trial he is vindicated, as a sale could not have lessened the Plaintiff's liability; if he fails, the Plaintiff will be discharged from the judgment to the extent that the levy would have satisfied the execution.

The Court erred in dissolving the injunction, and the order is reversed with ten dollars costs.