Armstrong v. Sanford.

---

GEORGE W. ARMSTRONG, Appellant, vs. DAVID SANFORD, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

A writ of injunction will not be granted on a complaint stating the facts on information and belief only.

Where the answer fully denies the allegations of the complaint, as a general rule, the injunction will be dissolved.

Where the complaint asks to enjoin the foreclosure of a mortgage by advertisement, on the ground that the mortgagee threatened, and was about to sell the premises absolutely, and without right of redemption—*Held*, that such was not sufficient ground to authorize the issuance of the writ.

Points and Authorities for Appellant.

I.—The amount claimed to be due in the notice of sale was too great and an injunction was the only and proper remedy. *Bidwell vs. Whitney*, 4 *Minn.*, 76.

II.—The threatened sale without any right of redemption was unauthorized as against the Appellant, and would put a cloud upon his title, which an injunction was the proper remedy against. *Comp. Stats.*, 646; *Sess. Laws of* 1860, 275.

III.—The alleged waiver of the right of redemption was a nullity as against any party having such right other than the mortgagor, because the mortgagor could only waive his own personal right ; and even as against him in this case, it was void for want of consideration. *Laws of* 1860, 275,

IV.—Under the statute authorizing a waiver of redemption, only the two years which by that statute were added to the one year previously given, can be waived. *Laws of* 1860, 275.

Points and Authorities for Respondent.

I.—The injunction was properly dissolved, because the complaint contained no cause of action.

I.—The allegation that Plaintiff "believes the note for $48 to have been given without consideration," is not sufficient.

An injunction will not be allowed on mere "information and belief." *Willard's Eq. Jur.*, 342; *Campbell vs. Morrison*, 7 *Paige*, 160; *Bank of Orleans vs. Skinner*, 9 *Paige*, 305; 1 *Barb. Ch. R.*, 617; *Livingston vs. Bank of New York*, 26 *Barb.*, 304; *Roome vs. Webb*, 1 *Code R.*, 114; 3 *How.*, 327; *Pomeroy vs. Hindmarsh*, 5 *How.*, 439; *Rateau vs. Bernard*, 12 *How.*, 462, *and authorities collated*, *Crocker vs. Baker*, 3 *Abb.*, 183.

II.—The answer of the Defendant to the complaint is duly verified and "denies and puts in issue all the equities of the Plaintiffs complaint." *Moss vs. Pettingill et al.*, 3 *Minn. R.*, 217, *and authorities there cited*; *Gould & Palmer vs. Jacobsohn et al.*, 18 *How.*, 158; *Finnegan vs. Lee et al.*, 18 *How.*, 186.

III.—The complaint and answer form all the issues in the case, and no reply was or could be interposed.

IV.—The Court has no jurisdiction; the amount in controversy being less than $100. Plaintiff admits that there is $918 due, and that Defendant claims $988.93 in his notice of sale,—difference $70.93. *Const. of Minn., art. 6, sec. 5.*

V.—The Plaintiff has no equities; he makes no tender of the sum admitted by him to be due; he must show that he has not only offered to pay the amount admitted to be due and costs actually incurred by Defendant at the time of the offer, but must state in his complaint that he has tendered the sum due and costs, and is still ready to pay the sum and bring the amount into Court. *Fanning vs. Dunham, 5 Johns. Ch. R.,* 122, *and authorities there cited.*

VI.—An injunction will not be allowed to restrain Defendant from obtaining indebtedness due him, and tie up a large amount of property for a comparatively small claim. Such a use of the writ of injunction is not warranted; it would be a greater wrong than it was intended to remedy. *Gallatin vs. The Oriental Bank et als.,* 16 *How. P. R.,* 253.

MASTERSON & SIMONS, Counsel for Appellant.

DAVID SANFORD, in person, and D. NEWELL, Counsel for Respondent.

*By the Court*—ATWATER, J.—Appeal from an order dissolving an injunction. The action was brought by Appellant to restrain Sanford from foreclosing a mortgage given upon certain premises, which were purchased by Armstrong after the execution and record of the mortgage. The mortgage was given by one Grey to Respondent, to secure the payment of two notes for the sum of $848, and interest.

The Plaintiff alleges two principal causes of action, constituting the grounds upon which the injunction was issued:

1st, That the mortgagee, in his notice of sale, claimed, and was about to sell the premises, for a greater amount than was actually and legally due upon the notes, the excess alleged being some seventy dollars.

2d, That the mortgagee was about to sell said premises absolutely, and to give the purchaser a full title without right of redemption.

Upon the first ground the injunction could not be sustained. There was not a sufficient statement in the complaint with reference to the amout due upon the mortgage, to authorize the issuing of the injunction in the first instance. The Plaintiff states upon his belief only, that the note for $48.00 mentioned in the mortgage, was given by Grey without consideration. It has been repeatedly held, that an injunction will not be issued upon facts stated on information and belief only. *Campbell vs. Morrison,* 7 *Paige,* 160, *Bank of Orleans vs. Skinner,* 9 *Paige,* 305; 1 *Barb. Ch. R.,* 167; 1 *Code R.,* 114; 3 *How.,* 327; 5 *How.,* 439; 12 *How.,* 462; 3 *Abb. Pr. R.,* 183. In this case the Plaintiff does not even state that he has any information of the truth of the fact alleged, but bases it solely upon his belief.

There is also another good reason for the dissolution of the injunction, so far as the first ground is concerned. The answer positively and fully denies the statement, that the note was without consideration. In such case the injunction should be dissolved. *Moss vs. Pettingill et al.,* 3 *Minn.,* 217.

With regard to the second ground, we think also, the injunction was properly dissolved. The answer does not deny that the Defendant was about to sell the property and give full title to the purchaser, without right of redemption. The answer alleges, that the said Grey undertook and agreed for himself, his heirs and assigns, in said indenture of mortgage, in case of default in the condition thereof, that said lands &c., should be sold under and by virtue of said mortgage, without the benefit or right of redemption to said land or any part thereof, and that said sale should be absolute from the date thereof.

We do not think the right to the writ of injunction in this case depends upon the validity of this agreement waiving the right of redemption, whether with reference to its application to the party signing it, or those claiming under or through him. It is not claimed that the Defendant had no right to sell the premises in any form. If he had the right to sell

them free from the right of redemption, then the injunction of course, could not be sustained.    If he had not such right, he could not acquire it, either by the sale itself, or the notice claiming to sell in such manner.    If the mortgagee, in a sale under a mortgage, should claim to sell, and actually sell the farm of a third party, in no manner connected with the mortgage, the sale of such farm would be absolutely void, as would be apparent upon the face thereof, and would cast no cloud upon the title of such party. And I think the same rule must apply, where the mortgagee under a mortgage sale, purported to sell an interest of the mortgagor, not conveyed by the terms of the mortgage.    The sale (as to such interest) would be simply void, and the purchaser could claim no rights, by virtue of his purchase under such sale.    If it can be said to cast a cloud upon the Plaintiff's title in any manner, the injury is not of that kind that a writ of injunction should be granted to restrain.    The right of the purchaser, if any he has, must be asserted under the provisions of the mortgage, which is matter of record.    If the instrument evidencing the purchase of this right of redemption was not on its face void, as to such right, the Plaintiff would always have the evidence at command to show its invalidity, since it would be matter of record.    If the right of redemption has not been waived or conveyed, as against the Plaintiff, he could always interpose that fact as a defence in any action by the purchaser to recover possession of the premises, on the ground that the sale was absolute. Admitting therefore that Grey could not waive or has not waived his right of redemption, either in regard to himself, or his creditors or assigns, we see no ground for interference by writ of injunction to prevent the sale.    *Weller vs. The City of St. Paul*, 5 *Minn.*, 95.

The Counsel for the Appellant has elaborately argued one point, which, in the view above expressed, is not necessary to be decided in order to the determination of this appeal, but upon which the opinion of the Court is desired, and we will therefore consider the same at this time. It is claimed by the Appellant, that, although the mortgagor may waive his right of redemption, yet he cannot do so for his creditors, assigns, or any other party who would enjoy such right under the

vol vii.—8

statute, but for the waiver. In other words, that the statute, (*Session Laws of* 1860, *page* 276, *section* 3,) which provides that "any person may, in writing, &c., waive his right of redemption as allowed by this act," means that every person who is entitled by the statute to redeem, must personally and expressly waive his right to cut him off therefrom. In this case the whole interest of the Plaintiff in the premises accrued after the execution of the mortgage to Defendant, and we will consider the point only with reference to such case.

It will not be questioned but that the owner of an unincumbered fee in lands, may, by due form of law, dispose of the same as he sees fit—either absolutely or conditionally, in whole or in part.. In conveying the same by mortgage (in the ordinary form), the grant in terms is absolute, conveying all the right, title and interest of the mortgagor in the premises, subject however to a defeasance on payment of the sum secured. But when default has occurred, and a sale takes place, the mortgagor has nothing left in the premises, save what the law grants him as a privilege, to-wit, the right of redemption within a specified time. This right or privilege is of more or less value to the party possessing it, and there can be no good reason assigned why it should not be the subject of sale, the same as any other interest in land, whether acquired by purchase, inheritance, by operation of law, or otherwise. The right of redemption is a certain interest which the law gives the mortgagor, but as he might dispose of the whole fee by deed, so that no person could thereafter acquire an interest in the premises, so may he, at the time of giving the mortgage, dispose of this right of redemption. And when he has done this, and default occurs, his whole interest in the estate is gone, as much as by the execution of a warranty deed. He can neither claim the right of redemption himself in the premises, nor can a second mortgagor, judgment creditor or assignee of the mortgagor, (who have become such, subsequent to the conveyance of the right of redemption,) claim the same, for there was no interest remaining in the mortgagor to which such right could attach. The Plaintiff in this case is an assignee of the mortgagor, but he could take no more by his purchase or assignment than the

assignor himself had.　And as the mortgagee had purchased the entire interest in the premises mortgaged, the assignee could not, by taking a conveyance from the mortgagor, bring himself within the class entitled to redeem, on the ground that he claimed through the mortgagor, since he took nothing by the conveyance, at least not the right to redeem, as the mortgagor had no such right at the time of the assignment, and consequently could not confer it upon another.　The proposition may therefore be true, as stated by counsel for Appellants, that each person must waive the right for himself, but the effect of the waiver in this case by the assignor of the Plaintiff, leaves no right of the kind in the latter, to be either asserted or waived.　What would be the effect of a waiver or attempted waiver, after liens had attached to the estate, it is unnecessary here to inquire.

We do not propose to decide in this case whether the mortgagor has properly and effectually waived his right of redemption, as it is unnecessary upon this appeal, and we have not all the requisite facts before us to find on that question. It is only intended to intimate our view of the effect upon the Plaintiff's claim, in case it is found that such waiver has been duly made and executed before any interest was, or is claimed to have been acquired by Plaintiff.

The order dissolving the injunction is affirmed.