# WALTER F. SANBORN *v*. CHANG YAU.

## No. 2053.

ARGUED APRIL 7, 1932.                    DECIDED APRIL 26, 1932.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

This is a suit in equity to enjoin the foreclosure of a mortgage. The case is before us upon complainant's appeal from the trial judge's decree dismissing complainant's bill and denying the relief prayed.

The bill sets forth in part and in effect that on July 15, 1930, Alice K. Sanborn, wife of the complainant, was the owner in fee simple of Lots 1 to 14, inclusive, of

Sanborn Subdivision, Waioli Beach section at Hanalei,. Kauai; that on said last named date Alice K. Sanborn made and delivered to the respondent Chang Yau her promissory note for $8000, payable to the respondent's order in monthly installments of $150, beginning August 15, 1930, with interest at the rate of 8½% per annum, payable quarterly; that on July 15, 1930, Alice K. Sanborn as mortgagor executed to Chang Yau as mortgagee a mortgage, thereafter duly recorded, upon Lots 1 to 13, inclusive, of the above described tract, as security for the payment of said promissory note; that subsequent to the execution of said mortgage all the interest of Alice K. Sanborn in Lots 1 to 14 above described was conveyed by Alice K. Sanborn to Helen Kuehu and thereafter by Helen Kuehu and her husband to Walter F. Sanborn by deeds, copies of which are attached as exhibits to said bill of complaint; that all interest due and payable on said promissory note and mortgage to and including October 15, 1931, was paid to respondent on or prior to October 13, 1931, leaving no interest due and payable on said promissory note and mortgage until January 15, 1932; that the several installments of $150 per month which had, according to the terms of the said promissory note and mortgage, become due and payable on or prior to April 15, 1931, were duly paid to the respondent and that on July 3, 1931, the complainant paid to the respondent $2500 on account of said promissory note, to-wit, the installments of $150 per month, each due respectively May 15 and June 15, 1931, an aggregate of $300, and in advance the installments thereafter due and payable respectively on July 15, 1931, and every succeeding month thereafter to and including August 15, 1932, as well as a part of the installment that would become due on September 15, 1932; that respondent has advertised the mortgaged premises for sale, under and by virtue of the

power of sale contained in said mortgage, in the Garden Island newspaper in the issues of November 24 and December 1, 1931, to take place on Wednesday, the 30th day of December, 1931, at 12 o'clock noon of said day, and that said respondent has included in said advertisement of sale Lot 14 of the said Sanborn Subdivision, whereas said mortgage mentioned includes only Lots 1 to 13; and that the equitable interest of complainant in the mortgaged property above said mortgage is of the value of $3850 or more. The bill further alleges irreparable injury and prays, among other things, that the respondent may be enjoined from said foreclosure proceedings and from selling said premises under and by virtue of the power of sale contained in said mortgage until such time as the conditions of said mortgage shall have been broken. Attached to the bill as Exhibits "A" and "B" are a copy of the note and a copy of the mortgage therein referred to.

Respondent's answer, omitting the introduction, is as follows: "That respondent prior to the advertisement of sale set out in paragraph XII of said bill, in exercise of the option granted him in said mortgage, made demand upon Alice K. Sanborn for immediate payment of the balance unpaid on said note; that said demand was repeated more than once; that the note is not yet paid in full; that the pending foreclosure of said mortgage is being conducted by respondent under the right given him by the following clause of said mortgage: 'But at any time before such payment in full of said sum, interest, taxes, etc., the said Chang Yau, his heirs and assigns, may at his or their option make demand for immediate payment of all unpaid balances, and upon failure of said Alice K. Sanborn to make such payment may foreclose this mortgage by bill in equity, or by entry and possession as provided by law, or may without suit and with or without entry, sell the said premises and all improve-

ments thereon, either as a whole, or by lots, by public auction according to law, and may in my name as my attorney convey the same by proper deeds to the purchasers absolutely and in fee simple; and any such deed shall forever bar me and all persons claiming under or through me from all right and interest in the granted premises, whether at law or equity, except as acquired at such sale.' "

Except as above set forth, the allegations of the bill and of the answer are not denied and the case was submitted to the trial judge without the introduction of further proof other than of mortgagee's notice of intention to foreclose and of sale.

The facts not being in dispute, the questions presented to the trial judge and to this court are solely questions of law. The appellant in his opening brief contends: "That the mortgagee (appellee) has no right to foreclose the mortgage until default in payment according to the terms of the note or default in payment of taxes, liens, judgments and assessments on or against the mortgaged premises, and that an injunction should have been and should be granted upon appellant's bill to enjoin the attempted foreclosure (by sale) prior to such a default." This contention, however, is in direct conflict with the express provision of the mortgage correctly quoted as above set forth in respondent's answer. No ambiguity is presented. The clause quoted, it is noted, does not make the right to demand immediate payment of unpaid balances dependent upon prior default. Either with or without such prior default, acceleration of maturity of unpaid balances is provided therein upon demand. Such acceleration upon demand may be contracted for without violating any legal principle.

It is contended by the appellant that the above quoted clause creates a conflict between the terms of the note

and those of the mortgage and it is submitted that if this contention is sustained it follows that the terms of the note must control those of the mortgage. We find no conflict between the provisions of the two instruments. The note contains the statement that it is secured by mortgage of even date therewith. The mortgage repeats the provisions of the note as to principal, interest and the times of the payment of each and it contains additional provisions as to payment by the mortgagor of taxes, liens, judgments and assessments, and the additional provision above quoted as to acceleration. If the option therein referred to is exercised and demand is made for immediate payment of all unpaid balances, the failure of the mortgagor to meet said demand and to make said payment is itself a default and under the express provisions of said mortgage justifies foreclosure. Provision as to effect of default need not occur in both mortgage and note. "When these instruments are executed at the same time with regard to the same transaction and make reference to each other, they are but one in the eye of the law, and the terms of either are qualified by any provision of the other applicable thereto. If the note states that it is secured by mortgage, a provision of the latter that upon default in the payment of interest the whole debt secured shall become due and payable becomes in law a part of the former." 2 Jones on Mortgages (7th Ed.) § 1179a, p. 807.

In view of the unambiguous language used in the express provision of the mortgage above quoted and in view of the absence of conflict between the provisions of the mortgage or between the mortgage and the note there can be no resort to the defeasance clause nor to the rule of reasonableness of construction, nor to other rules of construction invoked by the appellant to add to or subtract from the words used or to give the language of the

provision a different meaning.

. At the oral argument counsel for appellant urged reversal upon an additional ground, namely, that the injunction should have been granted for the reason that the notice of intention to foreclose and of foreclosure sale covered Lots 1 to 14, inclusive, whereas the mortgage was upon Lots 1 to 13 only, Lot 14 not being encumbered by the mortgage. The error, admitted by appellee, of the inclusion of Lot 14 in the foreclosure notice is not before us in this injunction proceeding. "The fact that the sale if made would, in the apprehension of the petitioner, result in clouding his title, is not such a threatened injury that an injunction should be granted to restrain it. The sale would create no new cloud over the title of the plaintiff. If the mortgagee should attempt to sell property not included in the mortgage, or an interest greater than the mortgage conveyed to him, the sale would be of no effect as regards such property or interest, and would not really cloud the title to it." 3 Jones on Mortgages (7th Ed.) § 1815, p. 508, citing in footnotes 22 and 24, among other cases, *Armstrong* v. *Sanford,* 7 Minn. 49.

The decree appealed from is affirmed.

*P. L. Rice* (also on the briefs) for complainant.

*L. A. Dickey* (also on the brief) for respondent.