## POSEY, ET AL. v. CONAWAY, ET AL.

1. When administrators, with the will annexed, undertake to sell lands of the testator under a power to the executor in the will, a court of equity will not entertain a bill to set aside a sale by the administrators, although alledged to be fraudulent, for the reason that such a sale is entirely void, and must so appear by the deeds, and therefore can create no cloud on the title of the heirs.

Writ of Error to the Court of Chancery for the 3d District.

THIS bill is filed to set aside the sale of a certain tract of land made by two of the defendants, with the will annexed of John F. Conaway, and purchased by the other defendant. The complainants are legatees under the will, and entitled with two of the defendants to the whole estate.  · The bill charges, that the administrators intending to defraud the complainants, caused the land to be sold for cash, at a time when few persons were present, and had it knocked down to Chil-

derrs, the other defendant, for the price of fifty cents per acre, when it would have sold for five dollars per acre on a credit of twelve months. That although the land was bid off in the name of Childers, it was actually purchased by the administrators, and that no money was then or afterwards paid by the purchaser. The prayer of the bill is, that the sale may be set aside as fraudulent, and for general relief.

The answer of Childers admits the purchase by him at 50 cents per acre, but insists it was for his own account, and was the full value of the land. That of the administrators assert the same facts, and both answers deny that any fraud was intended or perpetrated. The reason given for selling the land for cash, and without any order of court, is, that the estate was indebted, and the will invested the executor with authority to sell. They also concede that no payment has been made, or deed executed by the administrators.

The proof taken in the cause shows, that when the sale commenced there were only seven persons present ; these were the two administrators, Childers the purchaser, the auctioneer, one Posey, of the complainants, and two other persons. The three latter left before the land was knocked off. Posey remonstrated against the sale for cash, and offered $250 for the land, if sold on twelve months credit. It had been previously agreed between him and one of the witnesses to purchase the land at $500. Another person present asked how long he would be waited with to go for the purchase money, in case the land was knocked off to him, and was informed "until four o'clock." Posey said after the bid by Childers was made, the administrators should have the $50 or $51 (the land was 102 acres) if that was necessary to pay the debts, provided they would sell the land on time, but he would not consent that the heirs should be thus swindled.

No proof was offered by the defendants.

The chancellor considered the sale as a nullity, even if not fraudulent, and there was therefore no ground for the interference of equity. On this ground he dismissed the bill,

This decree is now assigned as error.

J. HAIR, for the plaintiff in error.

J. R. METCALF, contra, insisted,

1. The bill, if true, contains no equity, as the complainants had a clear legal remedy. [Lucas v. Doe ex dem. Price, 4 Ala. Rep. 679.]

2. But if it has equity, the fraud is denied, and there is no proof to sustain the allegations of the bill; besides no deed having been executed, there is nothing to set aside.

GOLDTHWAITE, J.—We coincide very fully in the o-pinion of the chancellor, that the facts disclosed by this bill, are not of the character to warrant the interference of a court of equity. As the case appears, it is, whether fraudulent or otherwise, the unauthorized sale by the administrators, with the will annexed, of the lands of the testator. 'Even if a deed had passed between the vendors and purchaser, the title of the heirs to the land would be unaffected, as the power given by the will to sell the land, does not pass to the administrators, with the will annexed. [Lucas v. Price, 4 Ala. Rep. 679.] In this aspect of the case, a deed from the administrators would not, according to the later adjudications create such a cloud on the rightful title as will warrant a court of equity to set it aside. When the illegality of the agreement, or other inducement, appears on the face of it, so that its nullity can admit of no doubt, there is not the same reason, as there is when the agreement, &c. is apparently valid, for the interference of a court of equity to direct it to be delivered up or cancelled, and it is now fully established that those courts will not interpose to order a cancellation or delivery up of such instruments. [Story's Eq. § 700, a, and cases there cited.] As it is thus shown the interference of equity would not be proper, even if this sale had been consummated by deed, it is quite clear it would be so to set aside a sale which is simply void. Decree affirmed.