Henry N. Hart and James Y. Caldwell, Appellants, vs.
Joseph M. Marshall, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

Courts ought not to interfere by injunction, except in cases where irreparable injury would
otherwise be done to the parties, or they show themselves entitled to more immediate relief than
can be obtained by the ordinary course of proceedings.

Upon the sale of real estate under execution, *pendente lite*, the purchase is voluntary, and the
purchaser takes his title subject to the *lis pendens*.

Points and authorities of the Appellants :

A *lis pendens* duly prosecuted is notice to all the world of
the rights of the parties to it, and a purchaser *pendente lite* is
charged with notice of the rights of the parties, and would be
bound by the decision in this action, and the decision in this
action could be pleaded in bar to any action by them at law.
1 *Story's Equity*, Sec. 405 ; *Murray vs. Ballou*, 1 *John. Ch.*
566 ; *Murray vs. Frinster*, 2 *John. Ch.* 158 ; *Green vs. Slay-
ter*, 4 *John. Ch.* 38 ; *Murray vs. Sylburn*, 2 *John. Ch.* 441 ;
*Shyvescent vs. Hall*, 2 *Barb. Ch.* 151 ; *Osborn vs. Taylor*, 5
*Paige*, 515 ; *Com. Dig. Chancery*, 4 *C.* 344 ; 2 *Fonblanque's
Equity*, B. 2 *Ch.* 6, *Sec.* 3, *note a*, *Sorrell vs. Caupnelin*, 2 *Perre
Williams*, 482 ; *Worsley vs. Earl of Scarborough*, 3 *Atkins*,
392 ; *Bishop of Winchester vs. Paine*, 11 *Versey*, 194 ; *Co.
Litt.* 244, *b.*; *Griffith vs. Griffith*, 1 *Hoff*, *Ch.* 153 ; *Yester vs.*

*Bowman,* 6 *Barb. Sup. Ct. R.* 133 ; *Copenheaven vs. Huffaker,* 6 *B. Mon.* 18 ; *Menx vs. Anthony,* 6 *Eng.* 411 ; *Bolling vs. Carter,* 9 *Alabama,* 921 ; *Chandon vs. Magee,* 8 *Alabama,* 570 ; *Green vs. White,* 7 *Blackford,* 242 ; *Steele vs. Taylor,* 1 *Minnesota Reports,* 276–5.

According to these and numerous other decisions, the effect of a *lis pendens* duly prosecuted is to bind any person who may become a purchaser *pendente lite* in the same manner as if he had been a party to the bill. In this case as far as any cloud cast by the judgment itself is concerned, of course no injunction is necessary, and if a sale takes place the purchaser will take *pendente lite* and hold subject to the final decree that may be made in this action.

The object of the Plaintiff clearly is to enjoin proceedings on the judgment till the judgment is outlawed. Will the court allow such an abuse of its process when the Plaintiff himself cannot be injured by the dissolution of the writ.

The continuance of the injunction will thus work great injustice to the Defendants, and be of no benefit to the Plaintiff.

It is expressly decided that in a case like this no preliminary injunction will be granted, as a *lis pendens,* "is all that is necessary to make any decree which may be obtained in the cause binding upon the purchaser under the execution." *Osborn vs. Taylor,* 5 *Paige,* 515.

It is clear, then, that the Plaintiff is not about to suffer any great or irreparable, or any injury, if the injunction is dissolved, or if one had never been granted, but that on the contrary the Plaintiff's remedy is just as full, perfect and effectual without any injunction *pedente lite,* and that the issuing of the writ has given him no further or greater protection.

Now it is well settled that a preliminary injunction " ought not to be granted unless the injury is pressing and the delay dangerous." *New York Printing and Dyeing Establishment vs. Fitch,* 1 *Paige,* 67 ; *Osborn vs. Taylor,* 5 *Paige,* 515 ; *City of New York vs. Mapes,* 6 *John. Ch.* 46 ; *Mitchell vs. Oakley,* 7 *Paige,* 68 ; 2 *Min.* 61.

Points and authorities of Respondent :

*First.*—This is a proper subject of equity jurisdiction.

There is no remedy at law. There is danger of multiplicity of suits embarrassing the trust. There is a cloud on the title which is sought to be enforced to the irreparable injury of the Plaintiff. The special circumstances of the case justify the intervention of a court of equity. *Van Renselaer vs. Kidd,* 4 *Barbour,* 17; *Ward vs. Dewey,* 2 *Smith, page* 519; *Cox vs. Clift,* 2 *Comstock,* 118, 123; *Hamilton vs. Cummings,* 1 *John. Ch.* 517; *Coit vs. Horn,* 1 *Sandford Ch. page* 1; *Hegeman vs. Wilson,* 8 *Paige,* 29; *Pettit vs. Sheppard,* 5 *Paige,* 501; *City of Hartford vs. Chipman,* 21 *Conn.* 488; *Russel vs. Elliott,* 6 *Peters,* 95, 98; *Nutbrown vs. Thompson,* 10 *Ves.* 159; *Livingston vs. Livingston,* 6 *Johns. Ch.* 497; *Vechte vs. Brownell,* 8 *Paige,* 212; *Mayor of Brooklyn vs. Nesserole,* 26 *Wend.* 136, 137; *Jordan vs. Williams,* 2 *Hen. & Munf.* 553; *Colt vs. Cornwell,* 2 *Root,* 109; *Brooks vs. Harrison,* 2 *Alabama,* 259; *Brinkerhoff vs. Lansing,* 4 *Johns. Ch.* 69; *Caruthers vs. Hartsfield,* 3 *Yerger,* 366; *Gouvernor vs. Titus,* 1 *Edwards,* 477; *Nicols vs. Trustees of Huntingdon,* 1 *Johns. Ch. Rep.* 166; 2 *Story's Equity Jurisprudence, Sections* 875, 825, 826, 960, 961, 962; 1 *Story's Equity Jurisprudence, Section* 29; 1 *Watterman's Ed. on Injunction, page* 15, *note*; 2 *Watterman's Ed. on Injunction, page* 411.

*Second.*—Our Statute has enlarged the power of the court in granting injunctions. *See Act of* 1853; *Digest of* 1853, *page* 20. *See effect of the Code on the New York Chancery Practice; Lindon vs. ·Fritz,* 5 *Howard Pr.* 188, 191; *Cure vs. Crawford,* 5 *How. Pr. R.* 293; *Wordworth vs. Lyon, ibid.* 463; *Corning & Winslow vs. Troy Iron and Nail Factory,* 6 *How. Pr. R.* 89.

ALLIS & PECKHAM, Counsel for Appellants.

H. J. HORN, Counsel for Respondent.

*By the Court.*—EMMETT, C. J. In the case of *Goodrich vs. Moore,* 1 *Min. Rep.* 61, we held that courts ought not to interfere by injunction except in cases where irreparable injury would otherwise be done to the parties, or they show themselves entitled to more immediate relief than can be obtained

by the ordinary course of proceedings. The late Supreme Court of the Territory of Minnesota, in the case of *Steele vs. Taylor, et al.,* 1 *Minn. Rep.* 274, also decided that in the sale of real estate upon execution *pendente lite,* the purchase is voluntary, and the purchaser takes his title subject to the *lis pendens.*

The principles recognized by these decisions are sufficient for the determination of the present case. The Plaintiff is in the possession of certain real estate, claiming title through one William H. Randall. Hart, one of the Defendants, recovered a judgment against Randall in September, 1850, and has levied upon this property. The Plaintiff, claiming that this judgment is not a lien upon the property in question, and that it is void for reasons apparent upon the record, commenced this action to set it aside, and at the same time asked for and obtained an injunction restraining the sale.

We are at a loss to see how a sale of the property, upon execution, would, under such circumstances, work irreparable injury to the Plaintiff, especially as the purchaser would take it subject to the rights of the Plaintiff. To interfere by injunction in advance of a decision upon the merits, results in this action in delaying the sale until the ten years limited by statute shall have expired since the rendition of the judgment, and imposes upon the judgment creditor alone all the risk of such delay; while the rights of the Plaintiff, though they might be somewhat complicated by a sale, should the judgment be afterwards set aside, or declared not to be a lien, would suffer no material injury thereby.

We think the court should have dissolved the injunction, and therefore reverse the order refusing so to do, and order the injunction dissolved.

The merits of the action were also elaborately discussed on the hearing, but as the Defendants did so under protest, and as they are not necessarily involved in the consideration of the order appealed from, we have declined to pass upon them.