DAVID C. MONTGOMERY, Respondent, vs. WILLIAM McEWEN, Appellant.

ERROR TO THE DISTRICT COURT OF SCOTT COUNTY.

The Plaintiff commenced an action to set aside and discharge a mortgage executed by him to Defendant, on the ground that he had satisfied and performed the conditions upon which it was given. The Defendant answered, putting in issue the allegations of the complaint, but did not ask affirmative relief. Pending this action the Defendant proceeded to foreclose his mortgage by advertisement. The Plaintiff, upon petition setting up these facts, obtained an injunction restraining the foreclosure. *Held*, that a mortgagee, by statute, has two remedies or methods of foreclosing his mortgage, and that in the action commenced against him to discharge the mortgage he could not be compelled to ask affirmative relief, (viz.: the foreclosure of his mortgage) or be barred from foreclosing the same by advertisement.

In order to authorize the issuance of a writ of injunction, a party must show that it is necessary for the protection of rights which are clear, or beyond reasonable doubt, that without it he will suffer irreparable or great injury, or that he is entitled to more immediate relief than can be obtained by the ordi-

nary course of proceedings.    And facts must be stated in the petition or affidavit which establish such allegations, and it is not sufficient that the petitioner states them as an opinion or conclusion of his own mind on the subject.

Points and authorities for Appellant.

I. Courts ought not to interfere by injunction except in cases where irreparable injury would otherwise be done to the parties, or they show themselves entitled to more immediate relief than can be obtained by the ordinary course of proceedings.    *Story's Eq.*, sec. 864; 959, *a. b.*; 4 *Minn.*, 294; 1 *Minn.*, 61; *Id.*, 274; 7 *Id.*, 47.

Points and authorities for Respondent.

I. The order of the court below allowing a writ of injunction to be issued was properly granted, because the Respondent had the right to an adjudication of the court upon the amount claimed to be due upon Respondent's mortgage prior to the sale upon the foreclosure by advertisement.    *Bidwell vs. Whitney*, 4 *Minn. Rep.*, 76.

II. Because a proceeding to foreclose the Defendant's mortgage by advertisement *while this action is pending*, is equivalent to the prosecution of two actions in the same court for the same identical cause of action.    See *Defendant's answer in this cause, and the petition for a writ of injunction.*

III.    It is true that the Defendant below [Appellant here] has not claimed in his prayer any affirmative relief, but he must obtain such relief in this action if at all.    He is forever barred from any kind of relief unless he obtains it in this action.    *Comp. Sts., ch.* 60, *secs.* 71, 72, *p.* 541; *Id., ch.* 57, *secs.* 23, 24, *p.* 481; *Id., ch.* 60, *sec.* 169, *p.* 554; 6 *Minn. Rep.*, 319.

HENRY HINDS, Counsel for Appellant.

L. M. BROWN, Counsel for Respondent.

*By the Court*—ATWATER, J.—This was an appeal from an order allowing an injunction to restrain the Defendant from foreclosing a mortgage by advertisement.   It was stipulated between the parties that the complaint in this action remains as reported in 7 *Minn.*, 351, and that the same is at issue, and that the same shall be considered as at issue in the argument of the appeal from the order allowing an injunction in this action.   The writ was issued on the petition of the Respondent, dated Nov. 12, 1863, and stating substantially the following facts, viz.:

That the cause was at issue, and on the calendar of the November term of the District Court of Scott County, and had been referred to Hon. S. Finch, and remains undetermined; that the action is one in equity, the relief demanded, among other things, being that the Defendant release and discharge of record a certain mortgage executed by petitioner to the Defendant, and also surrender a certain note which said mortgage was given to secure; that Defendant was proceeding to foreclose said mortgage by advertisement (stating the particulars in regard thereto).   The petition then makes the following statement, viz.:

"That such foreclosure of the said mortgage, pending the said action, and before the rights and interests of the parties involved in said action, dependent on the said mortgage and the facts connected therewith, shall have been adjudicated and determined, would materially embarrass and injure your petitioner in the premises, and complicate the said case, and your petitioner's just rights and interests therein, as the same are stated and set forth in said complaint."

The answer is not given in the paper book, and we know nothing of its contents further than we are informed by the stipulation that the cause is at issue.   It is, perhaps, reasonable to infer from this that the material allegations of the complaint are denied by the Defendant.   Where an injunction has issued upon

the filing of the bill, if the answer denies all the equities, the injunction is usually dissolved on motion, upon the coming in of the answer. If the answer in this case be a full denial of the Plaintiff's equities the injunction was improperly granted, since the petition discloses no equities on the part of the Plaintiff other than those appearing in the complaint.

The Plaintiff urges that the Defendant must obtain the relief sought in the proceeding to foreclose his mortgage by advertisement, by application to the court, by answer in this action, and that unless he does so he is barred from obtaining it elsewhere or otherwise.

The Plaintiff is mistaken in this view. The authorities cited (*Comp. Sts.*, *p.* 481, *sec.* 23; *Id*, *p.* 541, *sec.* 71-2; 2 *Id.*, *p.* 554, *sec.* 169; 6 *Minn.*, 319;) are not applicable to a case of this kind. The statute has expressly given the mortgagee two remedies or methods of foreclosing his mortgage—the one by action in court, the other out of court, by proceedings prescribed by statute. These two remedies differ in many important respects, as the time required for effecting the foreclosure, the expense, and time allowed for redemption. Where an action is brought to set aside a mortgage, (in which default has occurred) the mortgagee cannot be compelled in such action to ask affirmative relief, or be barred from foreclosing by advertisement, at least; and probably not from proceeding in court, since he might, on the foreclosure of his mortgage, desire other parties to be joined in the action. He may simply defend in the action, and being successful proceed to foreclose his mortgage. In this case the action is still pending, yet upon the theory that the answer denies all the equities of the complaint, the Plaintiff is not entitled to the writ of injunction to restrain the Defendant in the exercise of a right guaranteed to him by statute.

But again, the petition fails to show any sufficient ground for the issuance of the writ. The only fact stated in the petition, not appearing in the complaint, is that the Defendant was proceeding to foreclose his mortgage by advertisement. This he had the legal right to do, and the exercise of that right will not be

restrained, except facts are shown which constitute a ground for equitable interference. Equity will not ordinarily interfere in such case by injunction, unless it be shown that great or irreparable injury would be suffered by the applicant for the writ, or he shows himself entitled to more immediate relief than can be obtained by the ordinary course of proceedings, and that his rights are clear or beyond reasonable doubt. The petitioner, it is true, states that the foreclosure would materially embarrass and injure the petitioner in the premises, and complicate the case and the petitioner's just rights and interests. But this is only the *opinion* of the petitioner—a conclusion of his own mind, not deduced or deducible from any *facts* stated in the petition. This is not sufficient, but the facts must be stated from which the court can find that such injury will result.

But even waiving this objection, the statement of the petition is insufficient to justify the issuance of the writ. In substance it amounts to scarcely more than the allegation that, if the Defendant is permitted to foreclose his mortgage, the Plaintiff will suffer some injury and inconvenience. If it were admitted that the facts established this allegation, I am not aware of any like case in which, for such reason, a court of equity has interfered by writ of injunction to restrain the exercise of a legal right.

And, indeed, it is difficult to see, from the facts of the case, how it could be made to appear that the Plaintiff would sustain any great injury from the proceeding of the Defendant to foreclose his mortgage. If the Plaintiff has filed his *lis pendens*, and he should succeed in obtaining a decree to discharge the mortgage, the purchaser under the foreclosure would acquire no rights as against the Plaintiff, and it may be very questionable whether he would do so even without filing the *lis pendens*. At the most, in such case, the sale would only cast a cloud upon Plaintiff's title, and as remarked in *Armstrong vs Sanford,* 7 *Minn.*, 53, the injury is not of that kind that a writ of injunction should be granted to restrain. If the sale *prima facie* conveyed any right in the property, the Plaintiff would always have the evidence at hand to show its invalidity, since the decree cancelling the mortgage would be

matter of record. This court has also recognized the same principle in the analogous cases of *Steele vs. Taylor*, 1 *Minn.*, 274, and *Hart, et al, vs. Marshall*, 4 *Minn.*, 294; see also 2 *Minn.*, 61.

With reference to the case of *Bidwell vs. Whitney*, 4 *Minn.*, 76, cited by Respondent, it may be remarked, that the ruling in that case does not conflict with the views here expressed. It was there held that a party proceeding to foreclose a mortgage by advertisement and sell the property for more than was due upon the mortgage, might be restrained by injunction. But this, of course, is to be understood, that a proper case is shown for equitable interference, and not that the writ would issue, as a matter of course, upon the mere allegation that the Defendant was proceeding to sell for more than was actually due, and especially if such statement were denied, or facts set up which left the merits of the case doubtful. The writ of injunction is only used for the protection of rights which are clear, or at least free from reasonable doubt. *Snowden vs. Noah, Hop. Ch. Rep.*, 347.

The order allowing the writ to issue is reversed, and the injunction set aside.