# Kellam v. Richards.

*Bill in Equity to vacate Sale of Lands for Partition under Probate Decree.*

1. *Sale of lands for partition, under probate decree; conclusiveness, and how impeached.*—A sale of lands for partition, under a decree of the Probate Court (Rev. Code, §§ 3120–26), is incomplete, until confirmed, and subject to be set aside for inadequacy of consideration, fraud, unfairness, or any intervening irregularity; but, after confirmation, mere irregularities are cured, the sale is complete, and the title of the purchaser cannot be disturbed, except for fraud in which he participated.

2. *Same.*—After such sale has been confirmed, it cannot be collaterally impeached in equity, on the ground that the person in whose favor it was confirmed was not in fact the purchaser at the sale, nor on the ground that the purchase-money was not in fact paid in cash.

APPEAL from the Chancery Court of Chambers.

Heard before the Hon. B. B. McCRAW.

The bill in this case was filed June 2d, 1873, by John W. Kellam, a minor, who sued by his next friend, against John H. Richards, Evan G. Richards, James M. Richards, Thomas B. Trammell, and Mrs. Nancy M. Trammell, his wife; and sought to vacate and set aside a sale of certain lands, in which the complainant claimed a one-third interest, and which had been sold, under a decree of the Probate Court of said county, for partition among the parties to whom they belonged. The lands had belonged to James W. Kellam, deceased, who died in said county, in 1863, and who was the father of the complainant; and descended, on his death, to his widow (who afterwards married Thomas B. Trammell), and to his two children, John W. and Robert L. Kellam. On the petition of Mrs. Trammell, in November, 1867, the lands were allotted, by the Probate Court of said county, to her and her said two children, as their homestead. On the 14th of May, 1870, Mrs. Trammell filed a petition in said Probate Court, asking a sale of the lands for partition, on the ground that they could not be equitably divided without a sale; and the court thereupon set the 13th June following for the hearing of the petition, appointed a guardian *ad litem* for the infants, and directed citations to be issued and served on them. On the 13th June, the court granted the order of sale as prayed, and appointed commissioners to conduct it; the order reciting that the defendants had been served with

citation, that their guardian *ad litem* appeared and answered
for them, and that the court was satisfied, by proof taken as
in chancery cases, that the lands could not be equitably
divided without a sale. The order directed the commissioners
to sell the lands to the highest bidder for cash, after giving
thirty days' notice of the sale, to report their proceedings to
the court, and to retain the purchase-money in their hands
until the confirmation of the sale, or until the further order
of the court. No sale was made under this decree; but, on
the 10th October, 1870, another decree was rendered, ap-
pointing the same commissioners, and substantially the same
as the former. The commissioners sold the lands, under
this order, on the 14th of November, 1870, and reported the
sale to the said court, on the 20th January, 1871; stating
therein that Evan G. Richards was the highest and best
bidder for one parcel of the land, at the price of $90, which
was its fair value, and had complied with the terms of the
sale, and paid the purchase-money; that A. D. Pate was the
highest and best bidder for the other parcel, at the price of
$712, which was its fair and reasonable value, but had wholly
failed to comply with the terms of the sale; that James M.
Richards had thereupon taken his bid, paid the purchase-
money, and complied with the terms of the sale, and that
they reported him as the purchaser. The sale seems to have
been confirmed by the court, but at what time the record
nowhere shows; and deeds for the lands were executed by
the commissioners to the purchasers, which are not set out
in the record. The purchase-money was paid by the com-
missioners to the said Thomas B. Trammell, in right of his
wife, and as the guardian of her two minor children, as shown
by his receipts dated the 20th January, 1871.

The bill alleged, as grounds of relief against the sale, that
the second order of sale was founded on the same petition as
the first; that the complainant had no notice of it, and was
not represented on the hearing by a guardian *ad litem;* that
the depositions were not taken as in chancery cases; that
James M. Richards was not in fact the purchaser of any part
of the land; that the purchase-money was not in fact paid to
the commissioners, but was settled by said Thomas M. Tram-
mell receiving from James M. Richards, in part payment, a
mule, a carriage, and two promissory notes on third persons;
that said Evan G. and James M. Richards were the attorneys
of Trammell and wife in procuring the order of sale; that
said Evan G. was one of the witnesses whose deposition was
taken to prove that the land could not be equitably divided;
and that James M. Richards had sold his portion of the land,
at an advanced price, to John H. Richards, who was his

brother. Copies of the proceedings in the Probate Court were annexed to the bill as exhibits, and showed the facts above stated.

The defendants demurred to the bill, for want of equity, because the complainant had an adequate remedy at law, and on other specified grounds; but the chancellor overruled their demurrer. They then filed answers, stating and admitting the material facts shown by the exhibits to the bill. They stated, also, that the application for the sale was regularly continued from the 14th May to the 10th October, as shown by an entry on the docket, which was made an exhibit to the answer; that the sale was fairly conducted, and that the land brought its full value. No testimony was taken by the complainant, while the defendants took the depositions of two witnesses, who testified to the fairness of the sale, the reasonableness of the price bid, &c. On final hearing, on pleadings and proof, the chancellor dismissed the bill; and his decree is now assigned as error.

W. H. DENSON, for appellant.

E. G. RICHARDS, contra.

BRICKELL, C. J.—We cannot doubt the correctness of the decree of the chancellor. If the Court of Probate had not jurisdiction to decree a sale of the lands, the appellant's remedy is at law, not in equity.—*Posey v. Conway*, 10 Ala. 811. The jurisdiction, however, is conferred by the statutes, and was exercised in substantial conformity to the mode they prescribe.—R. C. §§ 3120-3126. The commissioners appointed to conduct the sale, were the officers of the court. The court was the vendor; and until confirmation, the sale was incomplete, subject to be vacated for any irregularity which may have intervened, or because of inadequacy of consideration, or because of fraud, or unfairness, attending it. After confirmation, mere irregularities are cured; the sale is complete, and, except for fraud, in which the purchaser participates, his title cannot be disturbed. The decree of confirmation is the final decree in the proceeding for the sale, and cannot be collaterally impeached.—*Hutton v. Williams*, 35 Ala. 503; *Perkins v. Winter*, 7 Ala. 855; *Jennings v. Jenkins*, 9 Ala. 285; *Worthington v. McRoberts*, 9 Ala. 247.

The bill does not aver any fraud or collusion between the purchaser and the commissioners making the sale, nor that the lands were not sold for their full value. The evidence is clear and uncontradicted, that the price paid for them was their full value. The *gravamen* of the complaint against the

sale is, that the lands were cried off to Pate, while the commissioners reported Richards as the purchaser, and to him the sale was confirmed, and a conveyance executed, under the decree of the court. The reason for the substitution of Richards, as the purchaser, is fully shown to have been the failure of Pate to comply with his bid, after he had been repeatedly requested so to do. If he did not expressly assent to the substitution, he made no objection to, and has since acquiesced in it. However this may be, after confirmation of the sale, the fact cannot be collaterally inquired into—the decree imports absolute verity. It is also urged, that the purchase-money was not paid in cash. The decree of confirmation imports that it was, and, until successfully impeached for fraud, and vacated by the Court of Probate, other tribunals must accept it as true.

The decree of the chancellor is affirmed.