# Lytle *v.* Sandefur.

*Bill in Equity for Reformation of Conveyance, and Removal of Cloud on Title to Land.*

1. *Conveyance by widow before assignment of dower, as cloud on title.* Until her dower is allotted to her, a widow has no assignable estate or interest in the lands of her deceased husband, and her conveyance presents no obstacle to the assertion of their rights by the heirs in prosecution or defense of an action by law; nor is it a cloud on their title, such as would authorize them to join with her in a bill to correct a mistake in the description of the land.

APPEAL from the Chancery Court of Jefferson.
Heard before the Hon. THOS. COBBS.

WM. M. BROOKS, for appellants, cited *Rea v. Longstreet*, 54 Ala. 294; *Tyson v. Brown*, 64 Ala. 244; 1 Brick. Digest, 615, § 42.

HEWITT, WALKER & PORTER, *contra*.

McCLELLAN, J.—The pith of the present bill may be stated as follows: James L. Sandefur died seized in fee of certain six acres of land. It was not his homestead, nor did it constitute any part of his last dwelling-place. His estate

[Lytle v. Sandefur.]

owed no debts, and no administration was had, or was neces-
sary. His heirs were his children, and they are complainants
in this bill. M. A. Sandefur was his wife and his widow, and
is also a complainant. Dower had never been allotted to her,
but it seems she now lives with the heirs of her husband, who
are also her children, on this land. Subsequent to her hus-
band's death, she purchased an adjoining parcel of land con-
taining fourteen acres, from Messrs. Sloss, taking their quit-
claim deed. The description in this deed, by mutual mistake,
covers also the six-acre parcel referred to above. She in turn
undertook to convey this fourteen-acre parcel to one Dansby,
but, being ignorant of the misdescription in Sloss' deed, fol-
lowed it in the deed to Dansby, and he made the same mistake
in his conveyance to the appellant, Mary J. Lytle. It is
alleged that it was the purpose of all these grantors to convey
only the fourteen-acre parcel, and that the several grantees
contracted for and expected to be invested with the title to
that tract only. Mary J. Lytle instituted, and at the time of
bill filed was prosecuting, an action of ejectment in the City
Court of Birmingham against M. A. Sandefur, to recover both
of said parcels of land. The purpose of the bill is to correct
the mistake of description in the several deeds, to remove the
cloud thereby cast upon complainants' title, and to enjoin the
action at law.

The six-acre parcel of land descended to the children and
heirs at law of James L. Sandefur, deceased, and the title
thereto in its entirety became vested, and is now vested, in
them. M. A. Sandefur, on the facts alleged, has not, and has
never had, any right, interest or estate in that land, which was
the subject of a conveyance by her. Her right of action for
the allotment to her in severalty of one third of that tract is
not such an interest, estate or title as could be assigned or con-
veyed by her at law, so as to invest her assignee or grantee
with any title or right that could be asserted in a legal forum
against the heirs of her husband. Her attempted conveyance
to the contrary notwithstanding, they have an adequate rem-
edy at law, as well in the defense as in the prosecution of ac-
tions of ejectment, to maintain their possession, or to recover
the land from those in possession under the widow's convey-
ance.—2 Scrib. Dower, pp. 27–35; *Weaver v. Crenshaw*, 6 Ala.
873; *Smith v. Smith*, 13 Ala. 329; *Cook v. Webb*, 18 Ala. 810;
*Wallace v. Hall*, 19 Ala. 367; *Saltmarsh v. Smith*, 32 Ala.
404; *Barber v. Williams*, 74 Ala. 331; *Turnipseed v. Fitz-
patrick*, 75 Ala. 297.

It is true, on the other hand, that the assignment and trans-
fer by the widow of her right to dower allotment will be sup-

[Lytle v. Sandefur.]

ported and effectuated in a proper case in equity; and her deed purporting to convey the land to which the dower right pertains will in such case be given operation as a transfer to the grantee of her right of action in respect of the dower interest.—2 Scrib. Dower, pp. 45 *et seq.*; authorities *supra*; *Reeves v. Brooks*, 80 Ala. 26. But such transfer, any more in equity than at law, can not affect the title or rights of the heirs in any sense, or to any extent of which courts can take cognizance. The widow has the absolute right to have one third of the lands of which her husband died seized allotted to her in severalty; and it can be a matter of no consequence, in legal contemplation, to the heirs, whether she asserts this right at law, or her assignee asserts it in equity. In either event, the result is the same to the holders of the fee. Whether Mrs. Sandefur's right to have dower allotted to her out of the six-acre parcel has been equitably assigned to the appellant or not; and whether her deed purporting to convey that parcel, and hence *prima facie* operating an equitable transfer of this right lying in action, was intended to embrace that land, or, as is alleged, included it therein through the mutual inadvertence and mistake of the parties thereto, it is certain that the interests of the heirs will not be prejudiced in any forum by upholding the alleged misdescription, or conserved by the rectification of the alleged mistake. So far, therefore, as the bill is grounded on the misdescription of the land in the deeds to and from M. A. Sandefur and from Dansby to Mary J. Lytle, and as relief is sought by correction of the mistake in the description and injunction of the pending suit at law against M. A. Sandefur, the heirs of James L. Sandefur are not necessary or proper parties.

For purposes of relief by way of removing a cloud from the title of the complainants, the bill is wholly lacking in equity. What we have already said will suffice to indicate the grounds of our opinion, that Mrs. Sandefur had no title, legal or equitable, in the land, but only a right of action in respect to it. It is not conceivable, in the nature of things, that any state of facts in regard to the title, any character of muniments evidencing *prima facie* title in others, could be said in any sense to shade and obscure that which has no existence.

The title of the other complainants, which, according to the theory of the bill, is clouded by reason of the fact that the land in question was inadvertently embraced in the deeds of the Slosses, Mrs. Sandefur and Dansby, respectively, came to them by descent from their father, James L. Sandefur. It is alleged that he was seized in fee of the land at the time of his death. All of the deeds which are now sought to be can-

[Lytle v. Sandefur.]

celled, on the ground that they constitute a cloud on this title, were executed subsequent to his death. There is no pretense that any person who succeeded in any way to the title of James L. is a party to any one of these deeds, or nominally bound by them. There is no pretense that any party to any of these deeds had or has any title or color of title as against the title of said heirs. On this state of averment, these apparent muniments do not constitute a cloud on the title of the heirs. The test as laid down by this court is this, as applied to the present case: Would these heirs, in an action of ejectment founded upon either of said deeds, be required to offer evidence to defeat a recovery? If the proof would be unnecessary, no shade would be cast on their title by the presence of the deed. If the action would fall by its own weight, without proof in rebuttal, no occasion could exist for equitable interposition.—*Rea v. Lonstreet*, 54 Ala. 294. It is said in this case: "A court of equity will not interpose to prevent or remove a cloud which can only be shown to be *prima facie* a good title by leaving the complainant's title entirely out of view. It is always assumed, when the court interposes, that the title of the party complaining is affected by a hostile title *apparently good* but really defective." In an action based on the title supposed to. be conferred by the deeds which are alleged to be a cloud on the title of the heirs, against them, the plaintiff's case would fall of its own weight, because of a failure of his proof to draw to himself the prior and superior title which vested in James L. Sandefur in life, and passed *eo instanti* into the defendants at his death. The title, in other words, is not even apparently good against the heirs, would not be admissible in defense to ejectment by them, and would fall short of establishing a *prima facie* valid claim of the title in ejectment against them, even if their own title were not adduced in evidence at all. The authorities concur to the point, that such nominal muniments can in no sense be said to constitute a cloud to the removal of which equity jurisdiction may be invoked.—*Tyson v. Brown*, 64 Ala. 244; *Lick v. Ray*, 43 Cal. 83; *Munson v. Munson*, 28 Conn. 582; *Lehman v. Roberts*, 86 N. Y. 232; *Mitchell v. Spence*, 62 Ala. 450; *Curry v. Peebles*, 83 Ala. 225; *Fite v. Kennamer*, 90 Ala. 470; *March v. England*, 65 Ala. 275; *Borst v. Simpson*, 90 Ala. 373.

The deed executed by Mrs. Sandefur, and by which she intended to convey and her grantee expected to acquire title to the fourteen-acre tract of land, was made to embrace, by mutual mistake, we think the bill sufficiently avers, also the six-acre parcel. While as to this parcel the paper can not

[Cox v. Clark.]

operate as a conveyance of title, since she had no title, yet she would be bound on the warranty of title it contains, and in equity, as we have seen, it will operate as an assignment of her right lying in action to have dower allotted out of that tract; and considered with reference to her warranty, and as a transfer of this right, we do not question but that she may invoke the jurisdiction of a court of equity to the correction of the mistake in description, and to the virtual cancellation of the instrument so far as it relates to that land.—1 Brick. Dig. 680 *et seq.;* 3 Brick. Dig. 332 *et seq.;* 2 Pom. Eq. Jur. §§ 870 *et seq.* Moreover, the averment of the bill is, that the action of ejectment instituted by Mary J. Lytle is prosecuted against Mrs. Sandefur for the recovery of both parcels of land. She has no desire to defend against a recovery of the larger tract, and might avoid expense by a disclaimer as to it. As to the other, the recitals of her deed would estop her to make the defense of mistake in description. If that action is allowed to proceed pending this bill, a recovery, involving costs which might not pertain to an action solely for the fourteen acres, would go against her. Our opinion is, therefore, that the action of ejectment should not be allowed to proceed for the six-acre tract.

The decree of the chancellor is not in harmony with these views. It is reversed, and a decree will be here entered sustaining all grounds of demurrer, except such as draw in question the right of Mrs. Sandefur to have the instrument reformed, so that it will not include the six acres or any part of it, and modifying the injunction. The cause is remanded, and sixty days is allowed for amendment of the bill in accordance with this opinion.