# Florence v. Paschal et al.

*Bill in Equity to set aside Sale under Probate Decree.*

1. *Service of process.* — A subpœna in a chancery cause, directed to all the defendants to the bill by name, and returned by the sheriff "Executed on the parties, this October 1st, 1870, with copy," shows a sufficient service.

[Florence *v.* Paschal.]

2. *When equity will not set aside administrator's sale.* A sale of land by an administrator without an order of the probate court, or under an order which is void for want of jurisdiction, is not such a cloud on the title as will justify the interference of a court of equity to set it aside.

APPEAL from the Chancery Court of Russell.
Heard before the Hon. B. B. McCRAW.

JAS. L. PUGH, for appellant.

GEO. D. & GEO. W. HOOPER, *contra.*

B. F. SAFFOLD, J. — The bill, filed by the appellees, sought to set aside a sale of land, and to make the occupant surrender possession of it, and account for the rents and profits. The case alleged is, that Mrs. Mary E. Upshaw, the administratrix of William T. Upshaw, in 1864, without any authority whatever, sold the land, which belonged to her intestate, to Trentlen, from whom the present possessor, Mrs. Florence, purchased it. Afterwards, in 1866, Mrs. Upshaw, as a means of protecting Mrs. Florence's title, wrote a very informal letter to the judge of probate, to grant her the privilege of selling the property, because it was disconnected from her plantation, and had not been occupied by her family for several years; that the house was dilapidated, and it was not her intention to occupy it; that it would better serve the interest of herself and family to dispose of it, &c. This letter was treated by the probate court as a petition to sell the land, and an order of sale was granted on it. Mrs. Upshaw next reported the sale as made, and Mrs. Florence as the purchaser. The court confirmed it. Subsequently she resigned the administration, and the appellant, Thomas S. Paschal, was appointed.

The said Paschal and his wife filed the bill, describing themselves as complainants, he in his representative capacity, and he and she as husband and wife, in right of his wife, who was one of the heirs and distributees of the decedent. They made Mrs. Florence and Mrs. Upshaw defendants. The other heirs and distributees, three adults and three minors, were also made defendants, because they would not be complainants. One subpoena to answer was issued to all by name, and the sheriff returned it, "Executed on the parties, this October the first, 1870, with copy." They made no answer, and a decree *pro confesso* was taken against them. Afterwards, a final decree was rendered, granting the relief sought, and directing the sheriff to place the administrator in possession.

The defendants assign for error the decree of the chancellor, want of equity in the bill, and defective service of the subpoena.

1. The subpoena was sufficiently served. It was addressed

to each defendant by name, and to no one else. They were the parties on whom it was to be executed.

2. The facts disclosed by the bill show no equity in it. An unauthorized sale of land by an administrator, or a sale under order of the probate court, void because jurisdiction was not obtained by a proper petition, cannot cast such a cloud on the rightful title as will warrant the interference of equity. *Posey* v. *Conaway*, 10 Ala. 811; *Patterson* v. *Harris*, at January term, 1872.

The decree is reversed, and a decree will be entered in this court, dismissing the bill for want of equity.