[Tillman v. Thomas.]

# Tillman *v.* Thomas.

87   321
110   452

87   321
119   279

87   321
121   130

*Bill in Equity by Heirs, to set aside Sale of Lands under Probate Decree on application of Administrator.*

1. *Filing bill in double aspect.*—A bill filed in a double aspect, seeking to set aside a sale of lands under a probate decree, on the ground (1) that the proceedings are void on their face, or (2) that they are void for fraud in their procurement, is demurrable; but the objection must be taken by demurrer specially assigned.

2. *Demurrer; adequate legal remedy.*—A demurrer to a bill, on the ground that there is an adequate legal remedy, is properly overruled, when the legal remedy is adequate to only one of the two aspects in which the bill is filed.

3. *Sale of lands under probate decree; setting aside in equity on ground of fraud.*—A sale of lands under a probate decree, on the petition of the administratrix of the deceased owner, will be set aside in equity at the instance of the heirs, on averment and proof that it was procured by fraudulent collusion between the purchaser and the administratrix, in payment of her individual debt to him.

4. *Same; sub-purchaser with notice.*—A sub-purchaser from the original fraudulent purchaser, having knowledge of facts sufficient to put him on inquiry, is chargeable with notice of the fraud, and can not claim protection against the equity of the heirs.

APPEAL from the Chancery Court of Russell.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 2d July, 1883, by Edward Thomas and John Thomas, children and heirs at law of John R. Thomas, deceased, against W. L. Tillman, B. R. Burts, Mrs. Rebecca P. Kennedy, and others; and sought to vacate and set aside a sale of certain lands, which had belonged to the decedent in his life-time, and were sold under a probate decree on the petition of the widow as administratrix. As the bill is copied in the transcript, L. D. Odom, who had married a daughter of the decedent, was joined as a complainant; but he was also made a defendant, and a decree *pro confesso* was entered against him; and it was alleged that his wife and only child were dead. John R. Thomas died in December, 1862, or January, 1863. Letters of administration on his estate were granted to his widow, Mrs. Rebecca P., who afterwards married W. L. Kennedy. She filed a petition in the Probate Court, in February, 1872, asking an order to sell the lands for the payment of debts. An order of sale was granted on 20th March, and the lands

21

[Tillman v. Thomas ]

were sold under it on April 15th, 1872. W. L. Tillman
became the purchaser at the sale, and was so reported to the
court, by which the sale was confirmed; and he afterwards
sold and conveyed a part of the land to Burts. The com-
plainants sought to set aside the sale, to cancel the several
conveyances, and to recover the possession of the land, on
the ground that the sale was procured by fraudulent collu-
sion between Mrs. Kennedy and her husband and said Till-
man, to whom they were indebted; and on the further ground
that the proceedings were void on their face as against the
complainants.

Separate answers were filed by Tillman and Burts, each
insisting on the validity and conclusiveness of the probate
decree; and each demurred to the bill, on the ground that
the bill was barred by the statute of limitations, and that
the complainants had an adequate remedy at law. Burts
also claimed protection as a purchaser for valuable consider-
ation without notice. The chancellor overruled the demur-
rer, and, on final hearing on pleadings and proof, rendered a
decree for the complainants as prayed. Tillman and Burts
appeal from this decree, and here assign it as error.

WATTS & SON, and J. B. MITCHELL, for appellants, cited
*Watts v. Frazier*, 80 Ala. 186; *Lanford v. Dunklin*, 71 Ala.
594; *Farley v. Dunklin*, 76 Ala. 530; *Gordon v. Ross*,
63 Ala. 366; *Pettus v. McClanahan*, 52 Ala. 60; *Dugger v.
Tayloe*, 60 Ala. 519; *Kellam v. Richards*, 56 Ala. 240;
*Riggs v. Fuller*, 54 Ala. 148; *Strang v. Moog*, 72 Ala. 465;
*Chardavoyne v. Lynch*, 82 Ala. 376.

HOOPER & WADDELL, *contra.*

McCLELLAN, J.—This is a bill by heirs, seeking to set
aside and vacate the proceedings of the Probate Court, un-
der which lands belonging to the estate of their ancestor
were sold by his personal representative. As amended, the
bill is presented in two aspects. In one, it is sought to
vacate the order of sale and confirmation, on the ground of
fraud in their rendition. In the other, the same result is
attempted to be reached, on the ground that the probate pro-
ceedings are void on their face. A cause, if proper objec-
tion be interposed, can not thus be presented to a court
of equity in a double aspect, unless the complainant is
entitled to the same relief on each phase of his allegations.

[Tillman v. Thomas.]

That is not true in the case at bar. On the contrary, in that aspect in which the ground of relief is fraud, he would, if the averments are supported by the evidence, be entitled to a decree vacating the order of sale, and annulling all proceedings thereunder; while in that aspect in which the decree is alleged to be void on its face, he would be entitled to no relief in equity, but would be remitted to the law courts. *Florence v. Paschal*, 50 Ala. 28; *Tyson v. Brown*, 64 Ala. 244. If the latter allegation be not treated as merely redundant, it would seem that the bill presented two claims for relief, which ought not to have been joined. But the objection on that ground could only be taken by demurrer, and no demurrer going to this point was interposed.—*Seals v. Robinson*, 75 Ala. 363.

There was a general demurrer to the bill, as amended, on the ground that it disclosed that complainants had an adequate remedy at law. This objection was well taken to only one of the two aspects in which relief was prayed. Under the allegations that the proceedings sought to be vacated were void on their face, it was disclosed that an adequate remedy at law existed. But the complainants had no such remedy under their claim for relief on the ground of fraud. The rule is of general application, that where the bill sets forth two or more claims for relief in equity, and a general demurrer is filed by respondents, it should be overruled, and the relief granted, if any of the grounds upon which relief is sought are of equitable cognizance.—1 Dan. Ch. Pr. & Pl. 550; *Dimmock v. Bixby*, 20 Pick. 374; *Morton v. Grenada Acad.*, 8 Sm. & M. 773. In Alabama, this principle has been applied to a case very like the present one. A bill was filed to have a deed cancelled as a cloud on title. The allegations disclosed one state of facts on which the remedy was in chancery, and another on which the remedy was at law. There was a demurrer to the whole bill, on the ground that the complainant had an adequate legal remedy. The opinion of this court was, that "the bill contains two distinct independent grounds on which the claim for relief is based; and that, if either ground is sufficient, its force is not impaired by the fact that it is joined cumulatively with another alleged ground, which, of itself, will not maintain the equity of the bill;" and it was accordingly held, that the demurrer was properly overruled.—*Shipman v. Furniss*, 69 Ala. 563.

We concur with the chancellor's finding on the evidence,

[Tillman.v. Thomas.]

that the order of the Probate Court for the sale of the lands, described in the bill, and all the proceedings in that behalf were procured to be made, had and done, by and through the fraudulent collusion of the defendants (appellants here), Tillman, W. L. Kennedy and Rebecca P. Kennedy, the latter being the administratrix of the estate. We are satisfied, also, that the purchase-money of the land was never intended to be paid, and was not in fact paid; and that neither the estate, nor the complainants, ever received any benefit from the sale of said lands. On these facts, there can be no doubt of the power of the Chancery Court to declare the orders of sale and confirmation void, and make all other decrees necessary to a complete rehabilitation of the title of the heirs, and to a full redress of the injuries they have suffered through the wrongful disseizin of their lands. It is one of the honorable boasts of our system of equity juprisprudence, that "the infection of fraud will be made to vitiate even the most solemn transactions, and adjudications of courts form no exception to the salutary rule.—Freeman on Judgments, § 449; *Eslava v. Eslava,* 50 Ala. 32; *Lee v. Lee,* 55 Ala. 590; *Humphreys v. Burleson,* 72 Ala. 1; *Dunklin v. Wilson,* 64 Ala. 162.

We also concur with the chancellor, that the evidence sufficiently shows the *mala fides* of the respondent Burt in his purchase of the lands from Tillman. It is in proof that he knew the lands belonged to the estate of Thomas, and so were being sold in a fiduciary capacity by Mrs. Kennedy. He admits that the uncle of the minor heirs, who was also a surety on the administration bond, had told him that whoever bought this land would buy a law-suit. He swears that he had reason to believe that Tillman bought the land in satisfaction of a mortgage he held on Kennedy and wife, and that he knew Tillman had furnished them supplies, and that Kennedy told him that the land was to be sold to reimburse him, Kennedy, moneys he had paid out for the estate. While it may be that no one of these facts would have been sufficient to put him on inquiry, yet all of them combined are adequate to that end. Holding him, as all men must be held, to know the law, he had notice that a trust estate was being sold to pay the individual indebtedness of the agent of the trustee to his vendor, and that objection was being made to this transaction by a near relative of the infant *cestuis que trust,* and in their behalf. This should have put him on in-

quiry.—*Pendleton v. Fay*, 2 Paige, 202; *Stanghill v. Austey*, 1 DeG., M. & G. 635.

Had the inquiry been prosecuted, the legal presumption is, that the real facts would have been ascertained. Had he gone, for instance, to Mrs. Kennedy, who was the trustee thus converting the trust estate, the law presumes that she would have told him the whole truth, as she seems to have done in this case, and he would have been fully apprised of the infirmity of his vendor's title; and had he gone to the records of the Probate Court, which contained the evidence of one link in the title he was about to buy, he would have found, indeed, that the proceedings were not void on their face; but at the same time, and as a part of the same record, he would have found the most solemn asseverations, on the part of the heirs and the sureties of the administratrix, of fraud and crime in the administration of the trust property. Equity will hold him to a knowledge of all the facts that these inquiries would have disclosed to him; to a knowledge in this case of no more or no less than that the title of his vendor was the issue of fraud and collusion, and was void.

The decree of the chancellor is, therefore, affirmed.