# Marx *v.* District Grand Lodge No. 7, I. O. B. B.

## Bill to Foreclose Mortgage.

(Decided June 16, 1908.   47 South. 207.)

1. *Mortgages; Reformation and Foreclosure; Actions; Issue and Proof.*—A complainant in equity may have partial relief if not variant from the allegation and the prayer of the bill, so that on a bill for foreclosure and to reform the description of the mortgaged property, a complainant may abandon the relief seeking reformation, and have a decree of foreclosure; and if the complainant abandons the relief seeking reformation he is not bound to prove the averments of the bill in that aspect.

2. *Same; Foreclosure; Proof of Execution.*—Where the execution of a note and mortgage sought to be foreclosed is not denied by the defendant's plea or answer, proof of the execution is not necessary.

3. *Corporations; Foreign Corporations; Right to Action; Evidence.*—Upon proper proof of charter authority to lend money upon mortgages, proof of its known place of business in the state and of the name of its agent, and upon introduction of the note and mortgage, the execution of which is not denied, a foreign corporation establishes its right to foreclose a mortgage executed to it, upon the lands in this state.

4. *Mortgages; Foreclosure.*—The sons of a deceased mortgagor being indispensable parties to the foreclosure of equity of redemption descending to them on their father's death cannot require a complainant to dismiss its bill as to them as could have been done by third persons, not deriving title from decedent, setting up a title paramount to defendant, notwithstanding they own half interest in the land independent of decedent; they are entitled only to have their independent title in the estate excepted from the operation of the decree.

5. *Appeal and Error; Review; Equity.*—The chancellor's action in overruling motion for a rehearing, after final decree will not be reviewed on appeal.

APPEAL from Perry Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by District Grand Lodge No. 7, Independent Order B'nai B'rith, against M. Marx and others for the reformation of a mortgage and for foreclosure. From a decree for complainant respondent appeals.   Affirmed.

STEWART & STEWART, and W. F. HOGUE, for appellant. The chancery court cannot render a final decree in a cause before the cause is at issue as to all parties.— 129 Ala. 562; 69 Ala. 92; 66 Ala. 115; 63 Ala. 387; 34 Ala. 15; 32 Ala. 437. The death of Eliza Peters and George Gooden, rendered a decree entered after their death void.—*Ex Parte Massey,* 131 Ala. 65; Powe v. *McLeod & Co.,* 76 Ala. 4418. Under the evidence the acknowledgement of Dan Peters and his wife was void. —*A. E. L. M. Co. v. People,* 102 Ala. 241; *N. E. M. S. Co. v. Payne,* 7 Ala. 578; 140 Ala. 577; 39 South. 215; 107 Ala. 395. The taking of the mortgage was a waiver of the vendor's lien.—*White v. Simpson,* 107 Ala. 395; *Fields v. Drennan & Co.,* 115 Ala. 558; *Wilder v. Wilder,* 89 Ala. 414. There was no proof of right to reformation and the bill cannot be sustained.—*Gilmer v. Wallace,* 75 Ala. 220; 3 Mayf. 351.

STEINER, CRUM & WEIL, and CLIFTON C JOHNSON, for appellee. No brief came to the Reporter.

TYSON, C. J.—The bill in this cause seeks the foreclosure of a certain mortgage executed by Dan Peters to M. Marx upon certain described lands. The complainant, by seccessive assignments, became the owner of this mortgage. It is made to appear from the averments of the bill that one Levy executed to Marx a mortgage upon certain described lands, which lands, it is averred, belonged to him, and which he subsequently sold to Peters, and that Peters, recognizing the superior rights of Marx by virtue of the mortgage from Levy, executed the mortgage here sought to be foreclosed. It is also averred that the description of the land in the Peters mortgage was incorrect, and that it was the intention of both Peters and Marx to convey the lands described in the Levy mortgage. It is also shown that

complainant was the owner of the Levy mortgage by successive assignments.

The bill sought to reform the Peters mortgage, so as to correct the alleged misdescription. On the hearing, however, the relief seeking reformation was abandoned, and the chancellor was asked only to decree a foreclosure of the Peters mortgage upon the lands as described therein. As the bill contained a general prayer for relief, this he had a right to do. "It it not necessary to a valid decree that the relief should be co-extensive with the claim set up in the bill. If the proof sustain only a part of the claim asserted, and the proven part fails within the general purview of the averments, and there be no repugnancy between the case made by the proof and the allegations and prayer for relief, the complainant may have relief, if there be a prayer to which it can be referred. A general prayer for relief is sufficient." —Shelby v. Tardy, 84 Ala. 328, 4 South. In short, a complainant in equity may have a decree for partial relief, not variant with the allegations and prayer of his bill, although he fails to make out his whole case.— Parmer's Adm'r v. Parmer, 88 Ala. 545, 7 South. 657; Tillman v. Thomas, 87 Ala. 321, 6 South. 151, 13 Am. St. Rep. 42; Joseph v. Decatur L. & I. Co., 102 Ala. 346, 14 South. 739; Romanoff Min, Co. v. Cameron, 137 Ala. 214, 33 South. 864. It follows, therefore, under this principle, that the complainant was not bound to prove those averments of its bill relied on for reformation of the mortgage, and that, in so far as its right to a foreclosure of the mortgage upon the lands described in it was involved, those averments are wholly immaterial, and that failure to make proof of those averments cannot and will not be allowed to defeat the relief granted. They must be regarded as descriptive merely of the cause of action founded upon the right to correct the

misdescription alleged and sought to be corrected, and not as descriptive of the right to have the mortgage given by Peters foreclosed upon the lands conveyed by it.

At the time of the filing of the bill, Peters, the mortgagor, was dead; so it was exhibited against his widow and children, his next of kin, and heirs at law. To it, as originally filed, all the appellants here assigning errors appeared by counsel and filed their joint plea, denying the authority of the complainant (a foreign corporation), under its charter powers, to make a loan of money to Marx, and in that way to acquire a right to the mortgage sought to be foreclosure. After an amendment of the bill, filed on the 20th day of November, 1899, showing that the complaining corporation had a known place of business in the state, etc., the plea above referred to was refiled, and, as shown by the note of submission, presented the only issue tendered by the two appellants, Carlisle and Sneed. The other two complaining appellants, Sandy and Silas Peters, alias Gooding, by this plea tendered the same issue, and also additional issues by their joint answer. It was upon the issues thus made by these pleadings that the cause was submitted and tried. There is, therefore, no merit in the point asserted that the cause was not at issue when the decree was rendered. This contention is evidently predicated upon a misconception of the record. We do not find that the ownership or the execution of the notes and mortgage sought to be foreclosed was denied in either the plea or answer of these appellants. Proof of these facts was, therefore, not required of the complainant. Upon the proof of complainant's charter authority to loan to Marx the money which this mortgage was transferred to secure, of its known place of business in this state, and of the name of its agent (which was made, and to which no objection is here

[Marx v. District Grand Lodge No. 7, I. O. B. B.]

asserted), and upon the introduction of the note and mortgage, the complainant established its right to a foreclosure, which could not be defeated, against complainant's objection, by the defendants Sandy and Silas Peters showing that they owned a half interest in the lands independent of their father, Dan Peters. They being indispensable parties to the foreclosure of their father's equity of redemption which descended to them, the complainant could not be required to dismiss its bill as to them, as it would have had the right to do as to a third party, not deriving title from the mortgagor by devolution, setting up a title paramount to that of the mortgagor. The extent of the relief to which they are entitled is to have their independent, distinct title and estate excepted from the operation of the decree, which was done in this case.—*Wells Adm'r v. Am. Mortgage Co.,* 109 Ala. 430, 444, 20 South. 136.

After the final decree was rendered, motions were made for a rehearing. There is nothing in the record to show that they were ever called to the attention of the chancellor, and certainly no ruling upon them is shown. We do not wish to be understood as intimating, however, that, if the record disclosed the action of the chancellor upon the motions, we would review it. The rule is otherwise.—*Brown v. Weaver,* 113 Ala. 228, 20 South 964, and cases there cited.

Affirmed.

HARALSON, SIMPSON, and DENSON, JJ., concur.